original is liable .where the contract directly requires the performance of a work intrinsically dangerous.

There is no such allegation or proof of negligence in the work as would entitle appellee to recover damages from appellant because of any breach of the contract with Starr county, nor that the work was inherently dangerous. Cameron Mill & Elevator Co. v. Anderson, supra.

[2] Appellee was not a party to that contract; whether it inured to his or any other citizen's benefit similarly situated the proof does not show any ground for special damages. The independent contractors, if liable at all for the bad construction claimed, were not parties to this suit. The subcontract provided that all work done by the subcontractors under the contract was to be done at the risk and in the capacity "as an independent contractor."

Upon full consideration of this case, we do not find any evidence that shows any ground for recovery against appellants, and the court erred in not instructing a, verdict for appellants. We sustain all the assignments of appellants. .This leads to a reversal of the judgment of the trial court, which is here now reversed and judgment is accordingly rendered for appellants.

favor of appellee for $108.81, an amount claimed as a premium on a fire insurance policy. The case was appealed to the county court for civil cases where judgment was rendered for the same amount as in the justice court in favor of appellee.

The evidence shows that appellee had been acting for appellant in insuring his property, and late in 1924 a policy on his stock, furniture, and fixtures ·at 510 Main avenue, San Antonio, being about to expire, appellee mailed a renewal policy on the property to appellant, and it was after holding the policy for nearly a year that he refused to pay the premium. Clearly he is liable for the premium. The insurance company would have been liable to appellant if a fire had occurred, and after holding the policy for almost a year he will not be permitted to refuse payment of the premium. It is the custom of insurance agents to watch the insurance of their patrons and without a request to send in new policies when the old expire. Appellant knew this and yet did not return the policy or request its cancel· lation. He is liable for the premium and must pay it.

The judgment is affirmed.

---

### CROWTHER v. SULLIVAN.   (No. 7684.)

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 12, 1927.)

Insurance, ⊝145(1)—Insured, who kept unrequested renewal policy mailed him, in accordance with custom of insurance agents, for nearly year, was liable for premium.

Where, in accordance with insurance agents' custom to watch insurance of their patrons, and, without request, to send new policies when old expired, insurance agent mailed insured fire insurance policy when old one expired and insured, knowing custom, kept policy for almost year, he was liable for premium.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Suit by W. C. Sullivan against Ben J. Crowther. Judgment for plaintiff in justice court was affirmed in county court, and defendant appeals. Affirmed.

Nelson Lytle, of San Antonio, for appellant.

Dilworth & Marshall and Bert Thompson, all of San Antonio, for·appellee.

FLY, C. J.  This suit originated in one of the justice courts of precinct No. 1 of Bexar county, where judgment was rendered in

### ENTERPRISE CO. v. WHEAT.   (No. 1300.)*

(Court of Civil Appeals of Texas.   Beaumont. Dec. 13, 1926.   Rehearing Denied Jan. 5, 1927.)

1. Libel and slander ⊝19—In libel action, newspaper headline, "severed head of slain woman placed at" defendant's cell, did not charge that sheriff unlawfully removed head from grave; "severed."

Newspaper headline, "severed head of slain woman placed at cell of defendant brings acquittal in murder case" *held* not to charge that sheriff, without authority, or unlawfully, removed head of deceased from grave, in sheriff's libel action against newspaper, since "severed" meant only that head was separated from body.

2. Libel and slander ⊝86(1)—Meaning of article, claimed to be libelous, cannot be enlarged by innuendo.

Meaning of article, claimed to be libelous, cannot be enlarged or extended by innuendo, so that innuendo must fail, if language of article, taken in usual meaning, is not reasonably susceptible of meaning sought to be given it.

3. Libel and slander ⊝7(1)—Article may be libelous, though not charging crime technically.

Language in newspaper article, to be libelous, is not required to charge violation of criminal statute in technical manner required in in-

---